UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILLY CEPERO, | 3:12-cv-00263-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| HIGH DESERT STATE PRISON, *et al.*, | |
| Defendants. | February 12, 2014 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for temporary restraining order and preliminary injunction (#s 68 & 69).[1] Defendants opposed (#84), and plaintiff replied (#94). Also before the court is plaintiff's motion for restrictive injunction (#85). Defendants opposed (#88), and plaintiff replied (#92). The court has thoroughly reviewed the record and recommends that both of plaintiff's motions be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Billy Cepero ("plaintiff"), who filed this action *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") (#27). Plaintiff brings his second amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that several defendants at High Desert State Prison ("HDSP") acted with deliberate indifference to serious risks to his safety and to his serious medical needs in violation of his Eighth Amendment rights and violated his Fourteenth Amendment

---

[1] Refers to the court's docket numbers. This motion was docketed as two motions; hereafter it will be referred to as #68.

due process rights. *Id.* In his first motion for injunctive relief (#68), he seeks an order directing Northern Nevada Correctional Center ("NNCC") administrators and medical personnel to arrange for treatment for his back and arm pain. In his second motion for injunctive relief (#85), he seeks an order directing NNCC officials to return his property, which he alleges was confiscated in retaliation for filing this lawsuit.

## II. DISCUSSION & ANALYSIS

### A. Preliminary Injunction Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B. Analysis**

**1. Plaintiff's First Motion for Injunctive Relief**

In his first motion, plaintiff alleges the following: he was transferred to NNCC for medical treatment on or about May 1, 2013 (#68, p. 2). He suffers constant, serious pain from a 2010 back

injury as well as burning, numbness and an inability to hold items in his right hand since undergoing surgery to implant screws in his right arm and shoulder. *Id.* at 3. Apparently, plaintiff was placed in administrative segregation at NNCC for an unspecified infraction and remained there despite having been cleared of any wrongdoing. *Id.* at 8. As of September 9, 2013, when he filed this motion, he had yet to see a medical provider. *Id.* at 9. He asked the court to issue an injunction directing defendants to provide him with access to an orthopedist and a neurologist for treatment of his lower back and right arm and to allow him to remain in the NNCC general population. *Id.* at 10.

In his second amended complaint, plaintiff sets forth the following Eighth Amendment medical claim in count III: certain defendant HDSP administrators directed that he not receive physical therapy on his right arm in contravention of the medical orders that were sent with him when he was transferred to HDSP, which has caused permanent damage (#27, p. 11).

The Supreme Court has determined that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same). It is not clear to the court that the allegations in plaintiff's motion for injunctive relief are sufficiently related to the injury he claims in his second amended complaint.

Nevertheless, in their opposition, defendants have responded to the substantive issues raised in plaintiff's motion (#84). They assert the following: as of defendants' October 9, 2013 opposition, plaintiff had been transferred and was housed at Lovelock Correctional Center ("LCC"). *Id.* at 4. At that time, plaintiff was under the care of LCC's Dr. John Van Horn (*id.*; Ex. 1, Declaration of John Van Horn, M.D.). Dr. Van Horn examined plaintiff on September 17, 2013 and diagnosed him with right thorocolumbar myofacial syndrome (#84, Ex. 1). The condition is commonly described as a muscle spasm, and Dr. Van Horn opined that plaintiff appeared to have suffered from the condition for months if not years. *Id.* Dr. Van Horn prescribed kenolog trigger-point injections, a treatment available at LCC, and a treatment that tends to be "very effective [for this condition] if done right." *Id.* Dr. Van Horn opined that the injections might also relieve plaintiff's complaints relating to his right arm, and that no neurological or orthopedic referral was warranted at that time. *Id.* Dr. Van Horn stated that "treatment could take two injections over three visits, with subsequent injections to the same spot using significantly reduced amounts of kenolog." *Id.* The injections were scheduled to begin September 23, 2013, but LCC ran out of kenolog. *Id.* The treatment was rescheduled. *Id.*

Defendants argue that plaintiff's concern about his classification to administrative segregation at NNCC is now moot because he has been transferred (#84, p. 8). They point out that a more stringent standard applies when a party seeks a mandatory injunction and also contend that plaintiff has failed to demonstrate a likelihood of success on the merits or irreparable harm. *Id.* They argue that based on Dr. Van Horn's treatment plan there is no basis on which to grant such extraordinary relief. *Id.*

Plaintiff filed his reply on November 15, 2013 (#94). He states that on October 8, 2013, Dr. Van Horn administered three shots, which have failed to bring plaintiff any relief. *Id.* at 5. He also continues to complain that he was not treated at NNCC and was housed in administrative

segregation for no legitimate reason. *Id.* at 6. By the time of his reply, plaintiff had been transferred to Southern Desert Correctional Center ("SDCC") for state court hearings. *Id.* at 7-8.

The court concludes that plaintiff's motion for temporary restraining order and preliminary injunctive relief (#68) should be denied. First, it is not clear that plaintiff's allegations in the motion are sufficiently related to the claims in his second amended complaint. Second, defendants have presented Dr. Van Horn's declaration regarding an ongoing treatment plan. In his reply, plaintiff expresses his doubts about the treatment plan (CITE), but a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Finally, plaintiff's motion appears moot. He is currently housed at SDCC, and no allegations whatsoever regarding medical treatment at SDCC are before the court. No party has set forth any allegations with respect to whether the treatment plan laid out at LCC has been or will be continued at SDCC. While plaintiff may or may not ultimately succeed on his claim that defendants acted with deliberate indifference by denying plaintiff physical therapy or other treatment at HDSP, he certainly has not demonstrated that court intervention in the form of a mandatory injunction directing defendants to provide access to an orthopedist and neurologist at SDCC is warranted at this time. Accordingly, the court recommends that plaintiff's motion for temporary restraining order and preliminary injunction (#s 68 & 69) be denied.

### 2. Plaintiff's Second Motion for Injunctive Relief

Plaintiff styled his second motion as one for "restrictive injunction" (#85). He filed it on October 9, 2013, when he had just been transferred from NNCC to LCC. *Id.* at 3. Plaintiff apparently claims that defendant Baca directed that plaintiff's property be held at NNCC instead of transferred to LCC. *Id.* His television was broken at NNCC, where it remains. *Id.* He argues that

his property has been confiscated in retaliation for this lawsuit. *Id.* at 3-4. He asks the court to direct that his property be sent to LCC. *Id.* at 4.

Defendants argue that because plaintiff has a remedy at law for a lost property claim, he cannot demonstrate irreparable harm (#88, p. 2). In his reply, plaintiff alleges that all of his irreplaceable personal photographs were confiscated and that he will suffer irreparable harm if they are not returned (#92, p. 5).

The court concludes that plaintiff's motion for restrictive injunction (#85) should be denied. This new claim—that, in September 2013, his property was confiscated at NNCC in retaliation for pursuing this litigation—clearly is not included his second amended complaint, dated March 13, 2013 (*see* #27).[2] Therefore, the court concludes that these allegations do no sufficiently relate to the claims in this action. *De Beers Consol. Mines*, 325 U.S. at 220; *Colvin*, 605 F.3d at 299–300 (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim).

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that no basis exists to warrant the issuance of a mandatory injunction directing defendants to provide plaintiff with certain medical treatment or access to specialists at this time. Thus, plaintiff's motion for temporary restraining order and preliminary injunction (#s 68 & 69) should be denied. Further, the court concludes that the claims in plaintiff's motion for restrictive injunction are based on new facts and circumstances that are different from the claims in plaintiff's complaint. Accordingly, plaintiff's motion for restrictive injunction (#85) should be denied.

---

[2] The court notes that plaintiff has recently filed a motion to amend his complaint (#97) as well as a motion for stay of the scheduling order (#98); these motions have not yet been fully briefed.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order and preliminary injunction (#s 68 & 69) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for restrictive injunction (#85) be **DENIED**.

DATED: February 12, 2012.

*/s/ Valerie P. Cooke*
**UNITED STATES MAGISTRATE JUDGE**