UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BILLY CEPERO,<br><br>                    Plaintiff,<br>    v.<br><br>HIGH DESERT STATE PRISON, et al,<br><br>                    Defendants. | Case No. 3:12-cv-00263-MMD-VPC<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

## I.   SUMMARY AND BACKGROUND

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke ("R&R") (dkt. no. 104) recommending the Court deny Plaintiff Billy Cepero's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO/PI Motion") (dkt. nos. 68 at 69)[1] and Motion for Restrictive Injunction (dkt. no. 85). An objection to the R&R was timely filed by Plaintiff ("Objection") (dkt. no. 111), Defendants filed a response to the objections ("Response") (dkt. no. 118), and Plaintiff filed a reply in further support of his objection ("Supplemental Objection")[2] (dkt. no. 121). For the reasons stated below, the R&R is accepted and adopted in full.

---

[1] As the R&R notes, this motion was docketed as two motions. (Dkt. no. 104 at 1 n.1.) The Court will refer to and cite dkt. no. 68 only.

[2] Plaintiff's Supplemental Objection is styled as a reply to Defendants' response to Plaintiff's objection to the R&R. (Dkt. no. 121.) Although this filing is procedurally improper, the Court takes Plaintiff's statement about his TRO/PI Motion under consideration as it presents information relevant to the Court's decision.

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## III. ANALYSIS

### A. Plaintiff's TRO/PI Motion

Plaintiff's TRO/PI Motion asks the Court to issue an injunction: (1) directing Defendants to give him access to an orthopedist and a neurologist for treatment; and (2) allow him to remain in the NNCC general population. (Dkt. no. 68 at 10.) Judge Cooke recommends dismissal in part because the motion is moot as Plaintiff is currently housed in SDCC and the TRO/PI Motion contains no allegations as to treatment in SDCC. (Dkt. no. 104 at 6.) Plaintiff agrees that, due to his transfer to SDCC, his TRO/PI Motion does not "need to be address[ed]" and Plaintiff does not oppose dismissal, at least as to the

portion of the motion that asks to remain in the NNCC general population. (Dkt. no. 121 at 2.) Upon review of the filings and record, the Court determines that the TRO/PI Motion's request to allow Plaintiff to remain in NNCC is moot.

With regard to Plaintiff's medical treatment, the R&R recommends dismissal of the TRO/PI Motion in part because Defendants presented the declaration of Dr. John Van Horn, who was caring for Plaintiff at LCC when Defendants filed their opposition to the TRO/PI Motion. (Dkt. no. 104 at 5-6.) Dr. Van Horn's declaration described his diagnosis and treatment plan for Plaintiff. (Dkt. no. 84, Ex. 1.) The R&R recognizes that Plaintiff disagrees with the treatment plan and that Plaintiff believes it is ineffective, but points out that "a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference." (Dkt. no. 104 at 6 (*quoting Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).) Plaintiff's objection does not address Dr. Van Horn's declaration or the R&R's reliance on it. Upon review of the filings and the record, the Court agrees with the analysis in the R&R and determines that Plaintiff's TRO/PI Motion should be denied.

### B.   Plaintiff's Motion for Restrictive Judgment

Plaintiff's Motion for Restrictive Injunction argues that Plaintiff's property was confiscated in retaliation for this lawsuit and asks the Court to direct his property to be sent to LCC, where Plaintiff was located at the time he filed the Motion for Restrictive Injunction. (Dkt. no. 85 at 3-4.) The R&R recommends that the Court deny this motion because it relates to a retaliation incident that occurred in September 2013, and was therefore not sufficiently related to the claims in his Second Amended Complaint, filed March 13, 2013. (Dkt. no 104 at 7.) Plaintiff does not object to this portion of the R&R, nevertheless the Court finds it appropriate to conduct a *de novo* review. Upon review of the filings and record, the Court determines that Plaintiff's Motion for Restrictive Injunction should be denied. "Plaintiff may not file a complaint in federal court and then use the action as a forum for airing unrelated grievances concerning his incarceration." *Johnson v. Alvarez*, 2:11-cv-484, 2012 WL 398443, at *4 (D, Nev. Feb. 7, 2012); *see*

also *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). While the Court recognizes the seriousness of Plaintiff's allegations, Plaintiff must first use the prison grievance system and, following exhaustion of administrative remedies, he may file a new action if he decides it is appropriate to do so.

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke ("R&R") (dkt. no. 104) be accepted and adopted in its entirety. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO/PI Motion") (dkt. nos. 68 and 69) and Motion for Restrictive Injunction (dkt. no. 85) are denied.

DATED THIS 18th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE